# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. _____

**ELIZABETH SILVA, and**
**ANDREW SMITH, individually and**
**on behalf of all others similarly situated**

    Plaintiffs,

**v.**

**ANDREW WILKIN,**

    Defendant.

---

## INDIVIDUAL AND FLSA COLLECTIVE ACTION COMPLAINT

---

The Plaintiffs, Elizabeth Silva and Andrew Smith, by counsel at the Sawaya and Miller Law Firm, pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA"), on behalf of themselves and all others similarly situated, as their Individual and FLSA Collective Action Complaint against the Defendant, Andrew Wilkin, state as follows:

### I.    NATURE OF ACTION

1. In this individual and collective action, Plaintiffs Elizabeth Silva and Andrew Smith ("Plaintiffs") allege that Defendant Andrew Wilkin ("Wilkin") – one of their "employers" as defined under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA") – violated

the FLSA by failing to pay the Plaintiffs and other similarly-situated workers the federal minimum wage for hours that they worked.

2.  Wilkin is a Colorado resident who conducted business within the State of Colorado managing, running, owning and controlling Acute Property Management, LLC, which did business as "Acute Living."

3.  On or around July 12, 2019, Acute Property Management, LLC filed for bankruptcy protection within the federal Bankruptcy Court in Denver, Colorado in the case styled as *In re Acute Property Management, LLC,* Case No. 19-15984-EEB. This action does not involve the debtor in that case or any related cases. The Plaintiffs bring their claims in this action against Wilkin individually in his role as an employer under the FLSA.

4.  Plaintiff Elizabeth Silva ("Silva") was employed by Wilkin as an Administrative Assistant. She was an hourly employee who by agreement with her employers was entitled to an hourly wage of $16.50 per hour for hours worked at or under 40 per week and overtime compensation of $24.75 per hour for the hours she worked over 40 per week.

5.  Wilkin failed to compensate Silva for at least 64 hours of work she performed in June 2019, thus violating the FLSA.

6.  Plaintiff Andrew Smith ("Smith") was employed by Wilkin as a Field Service Technician. He was an hourly employee who by agreement with his employers was entitled to an hourly wage of $15.50 per hour for hours worked at or under 40 per week and overtime compensation of $23.25 per hour for the hours he worked over 40 per week.

7.  Wilkin failed to compensate Smith for at least 68 hours of work he performed in June 2019, thus violating the FLSA.

8.  There are at least 71 other individuals who, like Silva and Smith, were employed by Wilkin and were not paid any wages for hours that they worked during June 2019. These similarly-situated employees ("Collective Members") were all terminated by Wilkin on or about June 27, 2019.

9.  Plaintiffs bring this action on behalf of themselves and all of the Collective Members to recover unpaid federal minimum wages, liquidated damages, reasonable attorney's fees and costs.

## II.   PARTIES

10. Plaintiff Silva is a citizen of the United States of America and a resident in the State of Colorado. The address of her counsel, the Sawaya & Miller Law Firm, is 1600 Ogden Street, Denver, Colorado 80218.

11. Plaintiff Smith is a citizen of the United States of America and a resident in the State of Colorado. The address of his counsel, the Sawaya & Miller Law Firm, is 1600 Ogden Street, Denver, Colorado 80218.

12. At all times relevant to this Complaint, the Plaintiffs and the Collective Members were employed by Defendant, Wilkin, who was their "employer" as defined by the FLSA.

13. Defendant Wilkin is a citizen of the United States of America and a resident of the State of Colorado.

14. At all times relevant to this Complaint, Wilkin managed, ran, owned, operated, and/or controlled Acute Property Management, LLC, which did business as "Acute Living" (hereinafter, "APM").

15. The Defendant's principal place of business is or was 1974 South Acoma Street, Denver, Colorado 80223.

### III.   JURISDICTION AND VENUE

16. This Court has original jurisdiction over the Plaintiffs' individual and collective claims under 28 U.S.C. § 1332 because this matter involves claims under the FLSA, a duly enacted law of the United States.

17. Venue is proper before this Court under 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the FLSA claims made herein occurred in Colorado, where the Plaintiffs and the Defendant reside.

### IV.   FACTUAL ALLEGATIONS

#### A.   GENERAL ALLEGATIONS

18. The Plaintiffs hereby incorporate the allegations in each of the above paragraphs as though fully set forth herein.

19. Wilkin is an employer who, during the period relevant to this Complaint, managed, ran, owned, operated, and controlled APM.

20. At all times relevant to this Complaint, APM was a property management companies that managed 40-50 buildings.

21. At all times relevant to this Complaint, Wilkin, the Plaintiffs, and the Collective Members were engaged in interstate commerce at APM. The tools and technology they used in their work were items that moved across state lines.

22. At all times relevant to this Complaint, Wilkin did business of more than $500,000.00 per year.

23. Wilkin owned and operated three APM locations in Colorado: two in the Denver area and one in Colorado Springs.

24. Silva worked for Wilkin as an Administrative Assistant. Her hourly rate was $16.50.

25. Silva performed at least 64 hours of work in June 2019, for which she was paid nothing.

26. Smith worked for Wilkin as a Field Service Technician, performing maintenance and repairs at three properties managed by APM. His hourly rate was $15.50.

27. Smith performed at least 68 hours of work in June 2019 for which he was paid nothing.

28. There are at least 73 Collective Members who, like Plaintiffs, were employed by Wilkin and were not compensated for hours and overtime hours that they worked in June 2019.

29. At all times relevant to this Complaint, Wilkin was an "employer" of the Plaintiffs and the Collective Members, as defined by the FLSA, because he managed, ran, owned, operated, and/or controlled APM:

    a) Wilkin was the owner of APM;

    b) Wilkin retained the ultimate power to control the work conditions and the day-to-day operations of APM;

    c) Wilkin was personally involved in deciding the amounts, method(s), and timing of wage payments to the Collective Members.

    d) In sworn documents filed in the federal Bankruptcy Court, Wilkin represents that he is the "Manager" of APM;

    e) As the Manager, Wilkin had the ultimate authority and power to hire and fire employees and to supervise their work and conditions of employment, conditions of employment, to maintain their employment records and to determine their rates of pay and the method of their payment.

### COLLECTIVE ALLEGATIONS

30. Plaintiffs bring this case as a collective action under 29 U.S.C. § 216(b) on behalf of themselves and the following Collective Members:

> **All individuals who were employed by Wilkin and who performed work during June 2019 for which they were not compensated.**

31. The Collective Members are "similarly situated" under the FLSA because they were all subject to the same policy, practice or procedure, i.e., Wilkin's failure to compensate them for work they performed in June 2019.

32. Notice should issue to the Collective Members describing the claims herein and allowing them a reasonable time as determined by the Court within which to opt in to this action.

33. The Plaintiffs have consented to join this action, and their Consents to Join are attached hereto as Exhibit 1.

## COUNT I:

### FAILURE TO PAY MINIMUM WAGES IN VIOLATION OF THE FAIR LABOR STANDARDS ACT

### 29 U.S.C. §§ 206, 216(b)

34. The Plaintiffs hereby incorporate the allegations in each of the above paragraphs as though fully set forth herein.

35. At all times relevant to this Complaint, Defendant was an "employer" of the Plaintiffs and the Collective Members as defined by the FLSA. 29 U.S.C. § 203(d).

36. At all times relevant to this Complaint, the Defendant, the Plaintiffs, and the Collective Members were engaged in commerce and in an enterprise engaged in commerce. 29 U.S.C. §§ 203(b) and (s).

37. At all times relevant to this Complaint, the Plaintiffs and the Collective Members were "employees" of Wilkin as defined by the FLSA. 29 U.S.C. § 203(e).

38. The FLSA requires an employer to pay its employees at least the federal minimum wage of $7.25 per hour for all of the hours worked by the employees. 29 U.S.C. § 206.

39.     Silva worked 64 hours for Wilkin during June 2019, for which Wilkin paid her nothing.

40.     Smith worked 68 hours for Wilkin during June 2019, for which Wilkin paid him nothing.

41.     Like Plaintiffs, at least 71 other Collective Members performed work for Wilkin during June 2019 and were not paid for their work.

42.     Wilkin's actions toward the Plaintiffs and the Collective Members violated the FLSA.

43.     Silva is entitled to minimum wages of $464.00, plus liquidated damages doubling that amount, for the work she performed in June 2019 for which she was not compensated.

44.     Smith is entitled to minimum wages of $493.00, plus liquidated damages doubling that amount, for the work he performed in June 2019 for which he was not compensated.

45.     The Plaintiffs and the other Collective Members are entitled to unpaid federal minimum wages of $7.25 per hour for the hours they worked for which they were not compensated in June 2019, liquidated damages, reasonable attorney's fees, and the costs of this action. 29 U.S.C. § 216(b).

## V.     PRAYER FOR RELIEF

WHEREFORE, the Plaintiffs, on behalf of themselves and all others similarly situated, respectfully ask the Court to find in their favor and against the Defendant and in addition:

A. Issue a declaratory judgment condemning and finding unlawful the Defendant's violations of the FLSA;

B. Conditionally certify this case as a collective action under 29 U.S.C. § 216(b), appoint the Plaintiffs and their counsel as representatives of the Collective Members, and authorize notice of this action to be sent to the Collective Members;

C. Award the Plaintiffs and the Collective Members unpaid minimum wages at the federal minimum wage;

D. Award the Plaintiffs and the Collective Members liquidated damages in an amount doubling all unpaid minimum wages;

E. Award the Plaintiffs appropriate service awards for their time and efforts on behalf of the Collective Members in this action;

F. Award the Plaintiffs their reasonable attorney's fees and the costs of this action; and

G. Grant any other and further relief to the Plaintiffs and the Collective Members that the Court finds to be equitable and just.

Respectfully submitted,

ELIZABETH SILVA and
ANDREW SMITH, individually and on
behalf of all others similarly situated

By:

*/s/ Adam M. Harrison*
_____
David H. Miller, Esq.
Adam M. Harrison, Esq.
THE SAWAYA & MILLER LAW FIRM
1600 Ogden Street
Denver, Colorado 80218
Telephone: 303-839-1650
E-mail: DMiller@sawayalaw.com
AHarrison@sawayalaw.com

*Counsel for the Plaintiffs*